Lawrence Nadle and Sylvia Nadle v. Commissioner.
Nadle v. Commissioner
Docket No. 84770.
United States Tax Court
T.C. Memo 1962-164; 1962 Tax Ct. Memo LEXIS 147; 21 T.C.M. (CCH) 912; T.C.M. (RIA) 62164; June 29, 1962
*147 Itemized deductions: Proof: Business expenses, charitable contributions and medical expenses: Dependency exemption. - Deductions totalling $5,794.24 claimed by taxpayer on his 1957 tax return were disallowed by the Commissioner. These deductions, among other items, involved business deductions of $2,252 listed as "other business deductions," without further clarification and deductions of $975 listed as "drugs, special medicines & supplies" without further explanation. The taxpayer itemized the remainder of his alleged expenses but offered no proof to substantiate them. The Tax Court allowed $1,725 in deductions under the Cohan rule in the following amounts: $950 for other business expenses, $75 for charitable contributions, and $700 for medical and drug expense. Taxpayer's claim of dependency for his mother-in-law was denied for lack of proof of her support. Sidney Meyers, Esq., 51 Chambers St., New York, N. Y., for the petitioners. Eugene L. Wilpon, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $1,619.54 in income tax of the petitioners for 1957. The only issue is the amount of various *148 deductions. Findings of Fact The petitioners, husband and wife, filed a joint cash basis return with the district director of internal revenue, Manhattan District, New York. A stipulation filed by the parties is incorporated herein by this reference. The contested disallowances made by the Commissioner and not settled by the stipulation are: Other business expenses
$2,252.82
Contributions
250.00
Interest on tax assessments
147.30
Medical and dental expenses
819.12
Drugs and medicines, etc.
975.00
Other deductions
750.00
Dependency exemption
600.00
Lawrence is employed as a comic strip writer and editor and also does free-lance work in that field. He reported salary of $10,415.51 and net income from business of $807.18 out of $3,360 of gross receipts. The item of $2,252.82, shown on the return as "21. Other business expenses (explain in Schedule C-2)," is not further explained on the return. Lawrence employed stenographic help in his free-lance work, had telephone expense, used his automobile to some extent, paid an artist $200 and expended some money for entertainment and travel. The total deductible as "other business expense" for 1957 was *149 $950. The contributions which were disallowed were listed on the return as: United Jewish Appeal
$ 25
Hadassah
25
Boy Scouts, Red Cross and
Other Charities
200
The petitioners made contributions in these categories during 1957 in the total amount of $75. The record does not show that the petitioners paid any amount in 1957 as interest on tax assessments. A schedule attached to the return lists the following: MEDICAL AND DENTAL EXPENSES
Dr. H. King
$ 62.00
Dr. Harry Fernbach
55.00
Dr. A. L. Goodman
319.00
Dr. Adrian Brodey
50.00
Dr. Jerome Schwartz
40.00
Hospitalization Insurance
93.12
Other Doctors, Dentists and
Medical Travel
200.00
TOTAL
$819.12
The petitioners made payments to doctors and paid a premium on hospitalization insurance during 1957 in the total amount of $375. An item is shown on the return as "Drugs, Special Medicines & Medical Supplies $975.00" without further explanation. The petitioner and a son took medicine regularly during 1957. The total amount expended by the petitioners for medicine during 1957 was $325. The record does not show that the petitioners paid over one-half of the support of *150 Sylvia's mother during 1957. Opinion MURDOCK, Judge: Lawrence was the only witness. Findings of Fact have been made in accordance with his testimony to the full extent of all checks produced. He kept no record of any of the alleged expenditures in issue aside from his checks. He had no present recollection as to most of the items disallowed and conceded that many of them were estimates in making up the return. It seems reasonable to believe that he paid a considerable amount in cash on some of these items during 1957 and it is also apparent that he should have kept records of some of them and that records of some actually exist, although he made no effort to benefit by them. It is thus necessary to make approximations and, in so doing, to bear most heavily upon the petitioners, since the weakness of the proof is of their own making. . The $200 payment to an artist, which may have been claimed under "Other Deductions" has been allowed under business expenses. There is no proof of any further amount claimed under "Other Deductions" and there is no proof of some other parts of contested items. The record fails to show the total *151 of the living expenses of Sylvia's mother or that more than one half was paid by the petitioners. We have done our best with a poor record. Decision will be entered under Rule 50.